Per Curiam.

It is very clear that this motion cannot prevail. The plaintiff, in both counts of his declaration, has brought his action against the defendants for having rescued Windsor out of his power. The first count alleges that the debtor was in the custody of Carr, a special agent deputed by the plaintiff to arrest him, and that he was taken out of the custody of Carr. The second count differs in no respect from the first, except by alleging that Windsor was in the custody of the plaintiff, and was rescued out of his hands and control by the defendants. Now the plaintiff’s own evidence shows that there was no rescue whatever, no separation of the parties, no sundering of the debtor from the party having charge of him. If the plaintiff was represented by Carr, then the debtor was left under his controul; for both went on shore together, and so far from being separated, they were in fact kept together. If, however, Kinney was the representative of the plaintiff still there was no rescue, because Kinney was expressly requested to retain the custody of Carr, by going into the small boat with him. If the plaintiff himself, through his agent, voluntarily abandoned the debtor, he surely cannot charge the defendants with having rescued him.
The plaintiff, if he has any cause of action against the defendants, has manifestly mistaken his remedy. He should have framed a count to correspond with his proof, and if the captain was bound to bring Windsor to New-York, and refused to do so, he should have been charged with the act, which he in fact committed. If we treat the second count as a declaration in case, for sending Carr and Windsor on shore, that will not assist the plaintiff ; for the proof shows no damage from that act, and therefore the gravamen of the declaration would not be supported.
*336 The Judge charged the jury expressly to say by their verdict, whether Windsor was in truth set at large or not, and they have found, upon that point, against the plaintiff. Their verdict is fully supported by the evidence, and the motion must be denied.

Motion denied.

[F. S. Kinney, Att'y for the plff.
J. Greenwood, Att'y for Northam, S. D. Hewlett, Att’y for Coggeshall.]